IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF COLORADO

Civil Action No.: 14-cv-02970-WJM-CBS

DONNA D. MEYERS, and
DONALD P. MEYERS,
    Plaintiffs,

v.

PFIZER INC.,
    Defendant.

_____

## REPORT AND RECOMMENDATION
_____

Magistrate Judge Shaffer

    This matter comes before the court on Defendant Pfizer Inc.'s ("Pfizer") Motion to Dismiss (Doc. #30) for failure to state a claim, filed on March 3, 2015. This motion was referred to the Magistrate Judge pursuant to the Order of Reference dated January 21, 2015 (Doc. #18). The court has carefully considered the motion and related briefing, the entire case file, the comments offered by the parties during the telephonic status conference on March 18, 2015 (Doc. #32), and the applicable case law. For the following reasons, I recommend that Defendant's Motion to Dismiss be granted with prejudice.

## BACKGROUND

    This action is Plaintiffs Donald and Donna Meyers' second attempt to hold Defendant Pfizer liable for side effects allegedly caused by the drug Lipitor. Plaintiffs, appearing *pro se*, initiated the current action on October 31, 2014, by filing their Complaint (Doc. #1) and one Motion to Proceed in District Court Without Prepaying Fees or Costs (Doc. #3). These documents were only signed by Mr. Meyers. On November 6, 2014, Plaintiffs were directed to (1) submit an application to proceed without payment on behalf of Mrs. Meyers and a Complaint signed by both Plaintiffs; (2) provide addresses of named

Defendants; and (3) complete all necessary sections of the Court-approved Complaint form. (Doc. #5). Plaintiffs filed their Amended Complaint on November 17, 2014. (Doc. #7).

Subsequently, the court issued an Order directing Plaintiffs to show cause as to why the Amended Complaint should not be dismissed as time-barred. (Doc. #12). Plaintiffs submitted a Response on December 17, 2014. (Doc. #15). The court issued an Order Assigning Case (Doc. #16) on January 20, 2015.

Plaintiffs assert that Mrs. Meyers took the drug Lipitor (which is manufactured by Pfizer) from 2002 to 2008, and as a result, she allegedly suffers from memory loss, impairment of cognitive abilities, and sudden mood changes. (Doc. #7). Plaintiffs further allege that Mrs. Meyers's doctor informed them numerous times that Lipitor carried no warnings regarding these side effects. (*Id.*). In September 2010, Mr. Meyers complained to Pfizer. Pfizer responded that Lipitor had no known side effects like those Mrs. Meyers was experiencing. (*Id.*). From February 2011 to June 2011, Mr. Meyers consulted two attorneys regarding a claim against Pfizer. (Letter from Plaintiff at 1, filed as Doc. #29 in *Meyers v. Pfizer*, No. 13-cv-1508-WJM-CBS). Because Mrs. Meyers stopped taking the medication no later than 2008, both attorneys advised Mr. Meyers that his wife's claim would be barred by the statute of limitations. (*Id.*).

Thereafter, on or about March 1, 2012, the Food and Drug Administration ("FDA") allegedly mandated that drugs like Lipitor carry a warning regarding side effects like those Mrs. Meyers was experiencing. (Doc. #7). Mr. Meyers believed the two-year statute of limitations started accruing again once the FDA released this requirement. (Letter from Plaintiff at 1, filed as Doc. #29 in *Meyers v. Pfizer*, No. 13-cv-1508-WJM-CBS). Following the FDA's announcement, Mr. Meyers attempted to hire legal counsel to pursue a claim against Pfizer with no success. Fifteen months later, on June 12, 2013, Mr. Meyers initiated the original case against Pfizer. (Complaint at 1, filed as Doc. #1 in *Meyers v. Pfizer*, No. 13-cv-1508-WJM-CBS).

Mr. Meyers failed to file proof of proper service of the original Complaint, and despite being advised of this, he did nothing to cure the problem. On February 10, 2014, Plaintiff expressed his desire to withdraw the lawsuit to correct any deficiencies and then refile a new action before the two-year statute of limitations ran out on March 1, 2014. (Motion to Withdraw Case at 1, filed as Doc. #43 in *Meyers v. Pfizer*, No. 13-cv-1508-WJM-CBS). On March 4, 2014, the court ordered Plaintiff to properly file a Notice of Dismissal under Rule 41(a)(1)(a). (Minute Order at 1, filed as Doc. #47 in *Meyers v. Pfizer*, No. 13-cv-1508-WJM-CBS). Plaintiff never filed such motion, and the case was dismissed for insufficient service. *Meyers v. Pfizer*, No. 13-cv-1508-WJM-CBS, 2014 WL 2490158 (D. Colo. June 2, 2014). The dismissal was affirmed by the Tenth Circuit. *Meyers v. Pfizer, Inc.*, 581 Fed. Appx. 708, 711 (10th Cir. 2014).

The following month, Plaintiffs filed the current action and their Complaint seeking monetary damages related to the alleged injuries suffered by Mrs. Meyers. (Doc. #1). On March 3, 2015, Defendant Pfizer moved to dismiss (Doc. #30) on the ground that Plaintiffs' claims are time-barred under the applicable two-year statute of limitations. Plaintiffs filed a Response (Doc. #33) to the Motion on April 3, 2015. Defendant filed a Reply (Doc. #34) on April 15, 2015, and Plaintiffs filed a Surreply (Doc. #35) on April 27, 2015.[1]

## STANDARD OF REVIEW

Under Rule 12(b)(6) a court may dismiss a complaint for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). In deciding a motion under Rule 12(b)(6), the court must "accept as true all well-pleaded factual allegations … and view these allegations in the light most favorable to the Plaintiff." *Casanova v. Ulibarri*, 595 F.3d 1120, 1124 (10th Cir. 2010) (quoting *Smith v.*

---

[1] The court notes that the Federal Rules of Civil Procedure and the Local Rules of Practice for the District of Colorado do not provide for filing surreplies. *See* F.R.C.P. 27; D.C. COLO. LCivR 7.1C. Furthermore, case law only permits surreplies at the discretion of the court when the opposing party presents new material in a motion. *E.E.O.C. v. Outback Steak H. of Fla., Inc.*, 520 F. Supp. 2d 1250, 1260 (D. Colo. 2007). Even though Defendant did not present any new material in its motion or reply, the court has considered Plaintiff's surreply (Doc. #35) because Plaintiffs are *pro se*.

*United States*, 561 F.3d 1090, 1098 (10th Cir. 2009)). However, a Plaintiff may not rely on mere labels or conclusions, "and a formulaic recitation of the elements of a cause of action will not do." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). As the Tenth Circuit explained in *Ridge at Red Hawk, L.L.C. v. Schneider*, 493 F.3d 1174, 1177 (10th Cir. 2007), "the mere metaphysical possibility that some Plaintiff could prove some set of facts in support of the pleaded claims is insufficient; the complaint must give the court reason to believe that *this* Plaintiff has a reasonable likelihood of mustering factual support for *these* claims." A plaintiff bears the burden of coming forward with "'enough factual matter (taken as true) to suggest' that he or she is entitled to relief." *Robbins v. Oklahoma*, 519 F.3d 1242, 1247 (10th Cir. 2008) (quoting *Bell Atlantic Corp.*, 550 U.S. at 556). The ultimate duty of the court is to "determine whether the complaint sufficiently alleges facts supporting all the elements necessary to establish an entitlement to relief under the legal theory proposed." *Forest Guardians v. Forsgren*, 478 F.3d 1149, 1160 (10th Cir. 2007).

Because Mr. and Mrs. Meyers are appearing *pro se*, the court "review[s] [their] pleadings and other papers liberally and hold[s] them to a less stringent standard than those drafted by attorneys." *Trackwell v. United States Govt*, 472 F.3d 1242, 1243 (10th Cir. 2007) (citations omitted). However, the court may not assume that plaintiffs can prove facts that they have not alleged, or that a defendant has violated laws in ways that plaintiffs have not alleged. *See Gallagher v. Shelton*, 587 F.3d 1063, 1067 (10th Cir. 2009) (court's role is not to act as the *pro se* litigant's advocate); *Drake v. City of Fort Collins*, 927 F.2d 1156, 1159 (10th Cir. 1991) (the court may not "construct arguments or theories for the Plaintiff in that absence of any discussion of those issues").

# ANALYSIS

Defendant argues that Plaintiffs' action is barred by the statute of limitations because the cause of action accrued as early as 2002 and no later than 2008. (Doc. #30). The court's jurisdiction is based on diversity of citizenship. Therefore, Colorado law determines the applicable limitations period. *See Guaranty Trust Co. v. York,* 326 U.S. 99, 110, 65 S.Ct. 1464, 89 L.Ed. 2079 (1945) (holding that statutes of limitations are considered substantive matters for purposes of the *Erie* doctrine) (citing *Erie Railroad Co. v. Tompkins*, 304 U.S. 64 (1938)), *overruled on other grounds by Hanna v. Plumer*, 380 U.S. 460 (1965). Colorado law requires that actions for failure to instruct or warn be brought within two years after the cause of action accrues. Colo. Rev. Stat. § 13-80-102(1)(b); *see Pavelko v. Breg, Inc.*, No. 09–cv–01461–PAB–KMT, 2011 WL 782664, *4 (D. Colo. Feb. 28, 2011)[2]. However, federal law rather than state law determines when a cause of action accrues. *Indus. Constructors Corp. v. United States Bureau of Reclamation*, 15 F.3d 963, 968 (10th Cir. 1994). Federal law provides that "[t]he statute of limitations begins to run when Plaintiff knows or has reason to know of the existence and cause of the injury which is the basis of his action." *Id.* at 969. "A plaintiff has reason to know of his injury when he should have discovered it through the exercise of reasonable diligence…and a plaintiff need not know the full extent of his injuries before the statute of limitations begins to run." *Id.* Although the statute of limitations is an affirmative defense, the issue may be resolved on a motion to dismiss where the application of the limitations period is apparent on the face of the complaint. *Dummar v. Lummis*, 543 F.3d 614, 619 (10th Cir. 2008); *Aldrich v. McCulloch Props., Inc.*, 627 F.2d 1036, 1041 n. 4 (10th Cir. 1980).

Defendant points to Plaintiffs' allegations to demonstrate that Plaintiffs were aware of Mrs. Meyers's alleged injuries and their alleged causal connection to Lipitor as early as 2002, and no later than 2008, when Mrs. Meyer stopped taking the drug. (Doc. #30). Indeed, Plaintiffs allege that the damaging side effects occurred while Mrs. Meyers was taking Lipitor (Doc. # 7), and that Mr. Meyers first noticed

---

[2] Defendant's Motion to Dismiss asserts that the case is governed by the product liability statute, Colo. Rev. Stat. § 13-80-106(1). Although it is unclear what theory Plaintiffs are proceeding under, the allegations seem to implicate a failure to warn under Colo. Rev. Stat. § 13-80-102(1)(b). Under either statute, the statute of limitations is two years.

signs of adverse effects "within ten days of [her] initially ingesting the prescribed Lipitor." According to Plaintiffs, the side effects abated after Mrs. Meyers ceased taking the drug in 2008. (Doc. #1). Plaintiffs further allege that in September 2010, Mr. Meyers told Defendant Pfizer that his wife had been harmed by the drug (Doc. #1). Plaintiffs initiated this action on October 31, 2014, which is twelve years after Mrs. Meyers began taking Lipitor, six years after she stopped taking the medication, and four years after Mr. Meyers told Defendant Pfizer of Lipitor's deleterious effects. Accordingly, the court finds that Plaintiffs' claim for failure to instruct or warn is barred by the two-year statute of limitations.

Even assuming that the cause of action accrued when the FDA mandated warnings on drugs like Lipitor, this action is still barred.[3] This Complaint was filed on October 31, 2014, approximately 32 months after the FDA announcement.

Plaintiffs do not allege in the Complaint that equitable tolling applies. However, they did raise that issue in their Response to the Order to Show Cause (Doc. #15). Therefore, this court will consider whether equitable tolling applies here.

"Colorado recognizes that 'equity may require a tolling of the statutory period where flexibility is required to accomplish the goals of justice.' At the same time, 'statutes of limitations compel litigants to pursue their claims in a timely manner.'" *Braxton v. Zavaras*, 614 F.3d 1156, 1161 (10th Cir. 2010) (quoting *Dean Witter Reynolds, Inc. v. Hartman*, 911 P.2d 1094, 1096 (Colo.1996)). "[W]hile the statute of limitations is an affirmative defense, when the dates given in the complaint make clear that the right sued upon has been extinguished, the Plaintiff has the burden of establishing a factual basis for tolling the statute." *Aldrich v. McCulloch Properties, Inc.*, 627 F.2d 1036, 1041 n. 4 (10th Cir. 1980). ). In practice, however, Colorado courts rarely allow equitable tolling. *Escobar v. Reid*, 668 F. Supp. 2d 1260, 1272 (D. Colo. 2009).[4]

---

[3] The court notes that in the Order to Show Cause (Doc. #12), Magistrate Judge Gordon P. Gallagher states the cause of action accrued as late as March 1, 2012, which is when the FDA allegedly mandated warnings.
[4] For example, the Tenth Circuit has held that even limited proficiency in the English language, along with a showing of diligence, does not justify equitable tolling. *Yang v. Archuleta*, 525 F.3d 925, 928-29 (10th Cir. 2008).

"[T]he exercise of equitable jurisdiction requires an inquiry into the particular circumstances of the case." *Garrett v. Arrowhead Imp. Ass'n*, 826 P.2d 850, 855 (Colo. 1992). Because the case is time-barred on its face, Plaintiffs have the burden of establishing a factual basis for tolling the statute. Equitable tolling is limited to situations when (1) defendant's wrongful conduct *or* (2) truly exceptional circumstances prevented the plaintiff from timely filing the claim despite diligent efforts. *Noel v. Hoover*, 12 P.3d 328, 330 (Colo. App. 2000). Awaiting the result of another case or legal proceeding is not an exceptional circumstance that will equitably toll the statute of limitations. *Brodeur v. Am. Home Assur. Co.*, 169 P.3d 139, 150 (Colo. 2007) Here, there are no allegations of wrongful conduct on the part of Pfizer that prevented Plaintiffs from timely filing their claims, and the court cannot find any "truly exceptional circumstances" in this case that barred Plaintiffs from timely filing their lawsuit despite diligent efforts.

Plaintiffs claim they have done what they could "to bring this problem to a reasonable conclusion." (Doc. #15). Yet the circumstances that prevented Mr. and Mrs. Meyers from timely filing the claim are due entirely to their actions (or inaction). Plaintiffs chose to wait fifteen months after the FDA announcement to bring a *pro se* claim against Pfizer, despite being aware of the two-year statute of limitations. (Letter from Plaintiff at 1, filed as Doc. #29 in *Meyers v. Pfizer*, No. 13-cv-1508-WJM-CBS) (Mr. Meyers knew about the two-year statute of limitations, because of the legal advice from two attorneys before the FDA mandate was released). In addition Mr. Meyers chose not to remedy the insufficiencies in his original Complaint. Rather, he stated his desire to dismiss his Complaint in order to refile later without the insufficiencies. Once the court gave him the opportunity to properly file a Notice of Dismissal, the two-year statute of limitations had already passed. None of these events qualify as a "truly exceptional circumstance" under the equitable tolling scenario.

Plaintiffs allege in conclusory fashion and without supporting evidence that Mrs. Meyers's mental state has resembled the early stages of Alzheimer's since 2008. (Doc. #15). Colorado law provides an

7

exception to the statute of limitations based on disability in "actions against a manufacturer or seller of a product…for or on account of personal injury…caused by or resulting from…packaging, labeling, or sale of any product, or the failure to warn or protect against a danger or hazard in the use… or the failure to provide proper instructions for the use of any product…" Colo. Rev. Stat. § 13-80-106. However, the statute goes on to clearly state:

> If any person entitled to bring any action mentioned in this section is under the age of eighteen, *mentally incompetent*, imprisoned or absent from the United States at the time the cause of action accrues and is *without spouse* or natural or legal guardian, such person may bring said action within the time limit specified in this section after the disability is removed.

Colo. Rev. Stat. § 13-80-106(2). This provision clearly excludes Mr. and Mrs. Meyers, because Mrs. Meyers has a spouse, and thus any disability would not affect the accrual of the cause of action.

## CONCLUSION

For the foregoing reasons, this court RECOMMENDS that Defendant's Motion to Dismiss (Doc. #30) be GRANTED and this civil action be dismissed with prejudice.

**Advisement to the Parties**

Within **fourteen days** after service of a copy of the Recommendation, any party may serve and file written objections to the Magistrate Judge's proposed findings and recommendation with the Clerk of the United States District Court for the District of Colorado.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *In re Griego*, 64 F.3d 580, 583 (10th Cir. 1995).  A general objection that does not put the District Court on notice of the basis for the objection will not preserve the objection for *de novo* review.  "[A] party's objections to the magistrate judge's report and recommendation must be both timely and specific to preserve an issue for de novo review by the district court or for appellate review." *United States v. One Parcel of Real Property Known As 2121 East 30th Street, Tulsa, Okla.*, 73 F.3d 1057, 1060 (10th Cir. 1996).  Failure to make timely objections may bar de novo review by the District Judge of the Magistrate Judge's proposed findings and recommendations and will result in a waiver of the right to appeal from a

judgment of the district court based on the proposed findings and recommendations of the magistrate judge.  *See Vega v. Suthers*, 195 F.3d 573, 579-80 (10th Cir. 1999) (District Court's decision to review a Magistrate Judge's recommendation de novo despite the lack of an objection does not preclude application of the "firm waiver rule"); *Int'l Surplus Lines Ins. Co. v. Wyo. Coal Refining Sys., Inc.*, 52 F.3d 901 (10th Cir. 1995) (by failing to object to certain portions of the Magistrate Judge's order, cross-claimant had waived its right to appeal those portions of the ruling); *Ayala v. United States*, 980 F.2d 1342, 1352 (10th Cir. 1992) (by their failure to file objections, plaintiffs waived their right to appeal the Magistrate Judge's ruling).  *But see, Morales-Fernandez v. INS*, 418 F.3d 1116, 1122 (10th Cir. 2005) (firm waiver rule does not apply when the interests of justice require review).

DATED at Denver, Colorado this 7th day of December, 2015.

BY THE COURT:

s/Craig B. Shaffer
United States Magistrate Judge